# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

BARRY PAXTON                                                                                          PLAINTIFF
ADC #660117

v.                                              5:17cv00293-JLH-JJV

IRIS McBRIDE, Corporal,
Barbara Ester Unit; *et al.*                                                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. INTRODUCTION

Barry Paxton ("Plaintiff"), an inmate at the Pine Bluff Unit of the Arkansas Department of Correction ("ADC"), filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. Nos. 1, 11, 21.) He alleges Defendants, officials at the ADC Barbara Ester Unit, violated his constitutional rights during his incarceration there. (Doc. No. 21 at 3.) Specifically, he contends Defendants confiscated his paperwork regarding a pending claim for veteran's benefits and charged him with a disciplinary for helping other veterans with their claims for benefits. (*Id*.) Plaintiff has been granted leave to proceed on his retaliatory discipline claims against Defendants Iris McBride, Cory Evans, Michelle Gray, and Lasaundra Malone. (Doc. Nos. 22, 55.) His claims for denial of access to the courts, as well as his claims against Defendants Wendy Kelley and Michelle Williams, have been dismissed without prejudice. (*Id*.)

Defendants have now filed a Motion for Summary Judgment, contending Plaintiff failed to exhaust his administrative remedies with respect to his retaliatory discipline claims before filing this action. (Doc. No. 59.) Plaintiff has responded (Doc. Nos. 71-72, 78, 81), and Defendants have replied (Doc. No. 85). This matter is now ripe for a decision. After careful review, and for

the following reasons, I find the Motion for Summary Judgment should be GRANTED and Plaintiff's cause of action DISMISSED.

## II.   SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A).

When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002).  The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007).  The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted).  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

**III.    ANALYSIS**

The Prison Litigation Reform Act ("PLRA") requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002) (per curiam). Exhaustion under the PLRA is mandatory. *Jones*, 549 U.S. at 211. "[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' rules that are defined not by the PLRA, but by the prison grievance process itself." *Id.* at 218 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Compliance with a prison's grievance procedures is, therefore, all that is required by the PLRA to properly exhaust. *Id.* Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See id*.

The grievance policy of the Arkansas Department of Correction in effect at the time of the alleged constitutional violations was Administrative Directive 14-16, and Plaintiff's allegations are governed by that Directive. (Doc. No. 59-1.) Pursuant to the Directive, an inmate is required to attempt informal resolution of a problem or complaint prior to filing a formal grievance. (*Id*. at 5.) This is accomplished by completing and submitting the Unit Level Grievance Form within fifteen days after the occurrence of the incident. (*Id*.) The form must include "a brief statement that is specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate submitting the form." (*Id*. at 5-6.) Following an attempt at informal resolution, an inmate may proceed by filing a formal grievance on the same Unit Level Grievance Form. (*Id*. at 8.) The warden or his designee must provide a written response within twenty working days of receipt. (*Id*. at 10.) If dissatisfied with

the response, the inmate may appeal within five working days to the appropriate Chief Deputy/Deputy/Assistant Director. (*Id*. at 11.) The Chief Deputy/Deputy/Assistant Director must provide a written response within thirty working days. (*Id*. at 12.) "A written decision or rejection of an appeal at this level is the end of the grievance process." (*Id*.) Administrative Directive 14-16 includes the following warning:

> Grievances must specifically name each individual involved for a proper investigation and response to be completed by ADC. Inmates must fully exhaust the grievance prior to filing a lawsuit. Inmates who fail to name all parties during the grievance process may have their lawsuit or claim dismissed by the court or commission for failure to exhaust against all parties.

(*Id*. at 4-5.)

Defendants contend Plaintiff did not comply with the procedure described above prior to filing this action. (Doc. No. 61 at 5.) In support of their argument, they submit the Declaration of Terri Grigsby, the ADC's Inmate Grievance Supervisor, whose responsibilities include responding to non-medical inmate grievance appeals for current and former Chief Deputy Directors and Assistant Directors. (Doc. No. 59-2 at 1.) According to Ms. Grigsby's testimony, she searched Plaintiff's grievance history for any exhausted grievances naming any of the Defendants in this case. (*Id*. at 2-3.) She found he did not exhaust any grievances against them regarding his claim for retaliatory discipline. (*Id*. at 3.)

In response, Plaintiff contends Ms. Grigsby's testimony is "completely wrong or tainted." (Doc. No. 71 at 2.) Plaintiff points out he did file several grievances; some of those are attached to the Brief in Support of his Response, and others were attached to various other documents Plaintiff has submitted throughout the course of this case. But those grievances did not relate to the retaliatory discipline claims that are the subject of this action. Plaintiff grieved the opening of his legal mail (Doc. No. 72 at 4, 21), the confiscation of his paperwork (*Id*. at 5, Doc. Nos. 1 at 13,

5 at 3), the failure to return his paperwork (Doc. No. 72 at 6), and the lack of resources for veterans in the library (*Id*. at 42). There are no grievances in the record relating to retaliatory discipline – or any retaliation at all, for that matter. Moreover, the unrelated grievances that are in the record do not appear to have been exhausted. There is no indication any proceeded past the formal grievance stage (or even to that stage, as Plaintiff has not provided the unit level responses). (Doc. Nos. 1 at 13, 5 at 3, 72 at 4-6, 42.) Several of the unrelated grievances were filed after Plaintiff initiated this action (Doc. No. 72 at 4-6, 42) and thus could not have been exhausted in accordance with Administrative Directive 14-16. It is well settled that "an inmate must exhaust administrative remedies *before* filing suit in federal court." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original). Completion of the process while the suit is pending is insufficient. "If exhaustion was not completed at the time of filing, dismissal is mandatory." *Id*.

In any event, Defendants' evidence shows Plaintiff failed to exhaust any grievance against the named Defendants regarding his retaliatory discipline claim. Therefore, he failed to "complete the administrative review process in accordance with the applicable procedural rules." *Jones*, 549 U.S. at 218 (quoting *Woodford*, 548 U.S. at 88). Accordingly, Defendants' Motion for Summary Judgment (Doc. No. 59) should be GRANTED, and Plaintiff's claims should be DISMISSED.

**IV.    CONCLUSION**

IT IS, THEREFORE, RECOMMENDED that:

1.    Defendants' Motion for Summary Judgment (Doc. No. 59) be GRANTED.

2.    Plaintiff's remaining claims against Defendants McBride, Evans, Gray, and Malone be DISMISSED without prejudice for failure to exhaust administrative remedies.

3.    Plaintiff's cause of action be DISMISSED.

4. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations would not be taken in good faith.

DATED this 9th day of February, 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE